1  TOWNSEND AND TOWNSEND AND CREW LLP
   GREGORY S. GILCHRIST (Bar # 111536)
2  GIA L. CINCONE (Bar # 141668)
   RAQUEL PACHECO (Bar # 245328)
3  Two Embarcadero Center, 8th Floor
   San Francisco, California  94111
4  Telephone:  (415) 576-0200
   Facsimile:  (415) 576-0300
5  Email:  gsgilchrist@townsend.com,
   glcincone@townsend.com,
6  rpacheco@townsend.com

7  Attorneys for Plaintiff
   LEVI STRAUSS & CO.
8

9

10                 UNITED STATES DISTRICT COURT

11            FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13  LEVI STRAUSS & CO.,                       Case No.

14                 Plaintiff,                 COMPLAINT FOR TRADEMARK
                                              INFRINGEMENT, TRADEMARK
15         v.                                 DILUTION, AND UNFAIR
                                              COMPETITION (INJUNCTIVE
16  CHIMALA DESIGN, INC.,                     RELIEF SOUGHT)

                   Defendant.                 JURY TRIAL DEMAND
17

18

19     Plaintiff Levi Strauss & Co. ("LS&CO.") complains against defendant Chimala Design, Inc.

20  ("Chimala") as follows:

21            **JURISDICTION, VENUE AND INTRA-DISTRICT ASSIGNMENT**

22     1.     Plaintiff's first, second and third claims arise under the Trademark Act of 1946 (the

23  Lanham Act), as amended by the Federal Trademark Dilution Act of 1995 (15 U.S.C. §§ 1051, et

24  seq.).  This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b)

25  (trademark and unfair competition), 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1121

26  (Lanham Act).  This Court has supplemental jurisdiction over the remaining state law claims under 28

27  U.S.C. § 1367.

28     2.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant transacts

COMPLAINT                    - 1 -              Levi Strauss & Co. v. Chimala Design, Inc.
                                               Case No. _____

1  affairs in this district and because a substantial part of the events giving rise to the claims asserted

2  arose in this district.

3       3.       Intra-district assignment to any division of the Northern District is proper under Local

4  Rule 3-2(c) and the Assignment Plan of this Court as an "Intellectual Property Action."

5                              **PARTIES**

6       4.       LS&CO. is a Delaware corporation which has its principal place of business at Levi's

7  Plaza, 1155 Battery Street, San Francisco, California 94111.  Operating since approximately the

8  1850's, LS&CO. is one of the oldest and most well known apparel companies in the world.  It

9  manufactures, markets and sells a variety of apparel, including its traditional denim blue jean

10 products.

11      5.       LS&CO. is informed and believes that defendant Chimala Design, Inc. is a business

12 entity with its principal place of business at 255 West 36th Street, Suite 403, New York, New York

13 10018-7555.  LS&CO. is informed and believes that Chimala manufactures and sells a line of

14 clothing, including jeans, that is offered for sale or sold in this judicial district and throughout the

15 United States.  LS&CO. is further informed and believes that Chimala has authorized, directed, and/or

16 actively participated in the wrongful conduct alleged herein.

17            **FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS**

18 **LS&CO.'s Use Of Its Trademarks**

19      6.       LS&CO. marks its LEVI'S® brand products with a set of trademarks that are famous

20 around the world.  For many years prior to the events giving rise to this Complaint and continuing to

21 the present, LS&CO. annually has spent great amounts of time, money, and effort advertising and

22 promoting the products on which its trademarks are used and has sold many millions of these products

23 all over the world, including throughout the United States and in California.  Through this investment

24 and large sales, LS&CO. has created considerable goodwill and a reputation for quality products.

25 LS&CO. continuously has used these trademarks, some for well over a century, to distinguish its

26 products.

27      7.       Most of LS&CO.'s trademarks are federally registered; all are in full force and effect,

28 and exclusively owned by LS&CO.  LS&CO. continuously has used each of its trademarks, from the

1   registration date or earlier, until the present and during all time periods relevant to LS&CO.'s claims.

2   **LS&CO.'s Tab Device Trademark**

3       8.     Among its marks, LS&CO. owns the famous Tab Device Trademark (hereinafter the

4   "Tab trademark"), which consists of a small marker of textile or other material sewn into one of the

5   regular structural seams of the garment. LS&CO. first used the Tab trademark in 1936 to identify

6   genuine LEVI'S® products.

7       9.     LS&CO. began to display the Tab trademark on the rear pocket of its pants in 1936

8   when LS&CO.'s then National Sales Manager, Leo Christopher Lucier, proposed placing a folded

9   cloth ribbon in the structural seams of the rear pocket. The purpose of this "tab" was to provide "sight

10   identification" of LS&CO.'s products. Given the distinctiveness of the Tab trademark, Mr. Lucier

11   asserted that "no other maker of overalls can have any other purpose in putting a colored tab on an

12   outside patch pocket, unless for the express and sole purpose of copying our mark, and confusing the

13   customer." Examples of the Tab trademark as used on LEVI'S® jeans are attached as Exhibit A.

14       10.     LS&CO. owns, among others, the following United States Registrations for its Tab

15   trademark, attached as Exhibit B:

16           a.     Registration No. 356,701 (first used as early as September 1, 1936; registered

17   May 10, 1938);

18           b.     Registration No. 516,561 (first used as early as September 1, 1936; registered

19   October 18, 1949);

20           c.     Registration No. 577,490 (first used as early as September 1, 1936; registered

21   July 21, 1953);

22           d.     Registration No. 774,625 (first used as early as May 22, 1963; registered

23   August 4, 1964);

24           e.     Registration No. 775,412 (first used as early as October 9, 1957; registered

25   August 18, 1964); and

26           f.     Registration No. 1,157,769 (first used as early as September 1, 1936; registered

27   June 16, 1981).

28       These registrations have become incontestable under the provisions of 15 U.S.C. § 1065.

**Defendant's Infringement of LS&CO.'s Trademark**

11.    LS&CO. is informed and believes that Chimala has in the past and continues to manufacture, source, market and/or sell clothing, including denim jeans, that infringes and dilutes LS&CO.'s Tab trademark (hereinafter the "infringing products").

12.    In particular, LS&CO. is informed and believes that Chimala produces, manufactures, sources, markets, designs, offers and/or sells clothing that displays tabs that are confusingly similar to LS&CO.'s Tab trademark.  These infringing designs include, without limitation, the example illustrated in Exhibit C, which is referred to hereinafter as the "Chimala tab."  The Chimala tab, as used by Chimala, is confusingly similar to LS&CO.'s Tab trademark.

13.    LS&CO. is informed and believes that Chimala has produced, manufactured, designed, marketed, offered for sale and sold substantial quantities of infringing products bearing the Chimala tab, and has obtained and continues to obtain substantial profits from such sales.

14.    Chimala's actions have caused and will cause LS&CO. irreparable harm for which money damages and other remedies are inadequate.  Unless Chimala is restrained by this Court, Chimala will continue and/or expand the illegal activities alleged in this Complaint and otherwise continue to cause great and irreparable damage and injury to LS&CO. by, among other things:

    a.    Depriving LS&CO. of its statutory rights to use and control use of its trademark;

    b.    Creating a likelihood of confusion, mistake and deception among consumers and the trade as to the source of the infringing products;

    c.    Causing the public falsely to associate LS&CO. with Chimala or vice versa;

    d.    Causing incalculable and irreparable damage to LS&CO.'s goodwill and diluting the capacity of its trademark to differentiate LEVI'S® products from others; and

    e.    Causing LS&CO. to lose sales of its genuine clothing products.

15.    Accordingly, in addition to other relief sought, LS&CO. is entitled to preliminary and permanent injunctive relief against Chimala and all persons acting in concert with it.

## FIRST CLAIM

1

**FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. §§ 1114-1117; Lanham Act § 32)**

2

3       16.     LS&CO. realleges and incorporates by reference each of the allegations contained in

4    paragraphs 1 through 15 of this Complaint.

5       17.     Without LS&CO.'s consent, Chimala has used, in connection with the sale, offering for

6    sale, distribution or advertising of Chimala's goods, designs that infringe upon LS&CO.'s registered

7    Tab trademark.

8       18.     These acts of trademark infringement have been committed with the intent to cause

9    confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114.

10      19.     As a direct and proximate result of Chimala's infringing activities, LS&CO. has

11   suffered substantial damage.

12      20.     Chimala's infringement of LS&CO.'s trademark as alleged herein is an exceptional case

13   and was intentional, entitling LS&CO. to treble its actual damages and to an award of attorneys' fees

14   under 15 U.S.C. §§ 1117(a) and 1117(b).

15

**SECOND CLAIM**
**FEDERAL UNFAIR COMPETITION**
**(False Designation of Origin and False Description)**
**(15 U.S.C. § 1125(a); Lanham Act § 43(a))**

16

17

18      21.     LS&CO. realleges and incorporates by reference each of the allegations contained in

19   paragraphs 1 through 20 of this Complaint.

20      22.     Chimala's conduct constitutes the use of symbols or devices tending falsely to describe

21   the infringing products, within the meaning of 15 U.S.C. § 1125(a)(1).  Chimala's conduct is likely to

22   cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association,

23   origin, sponsorship or approval of the infringing products to the detriment of LS&CO. and in violation

24   of 15 U.S.C. § 1125(a)(1).

25      23.     As a direct and proximate result of Chimala's infringing activities, LS&CO. has

26   suffered substantial damage.

27

28

COMPLAINT                          - 5 -                    <u>Levi Strauss & Co. v. Chimala Design, Inc.</u>
                                                           Case No. _____

1

**THIRD CLAIM**
**FEDERAL DILUTION OF FAMOUS MARK**
**(Federal Trademark Dilution Act of 1995)**
**(15 U.S.C. § 1125(c); Lanham Act § 43(c))**

2

3

4      24.      LS&CO. realleges and incorporates by reference each of the allegations contained in

5  paragraphs 1 through 23 of this Complaint.

6      25.      LS&CO.'s Tab trademark is distinctive and famous within the meaning of the Federal

7  Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c), as amended.

8      26.      Chimala's activities have diluted or are likely to dilute the distinctive quality of

9  LS&CO.'s trademark in violation of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c),

10  as amended.

11      27.      LS&CO. is entitled to injunctive relief pursuant to 15 U.S.C. § 1125(c).

12      28.      Because Chimala willfully intended to trade on LS&CO.'s reputation or to cause

13  dilution of LS&CO.'s famous trademark, LS&CO. is entitled to damages, extraordinary damages, fees

14  and costs pursuant to 15 U.S.C. § 1125(c)(2).

15

**FOURTH CLAIM**
**CALIFORNIA DILUTION AND TRADEMARK INFRINGEMENT**
**(Cal. Bus. & Prof. Code §§ 14320, 14330, 14335, 14340)**

16

17      29.      LS&CO. realleges and incorporates by reference each of the allegations contained in

18  paragraphs 1 through 28 of this Complaint.

19      30.      Chimala's infringement of LS&CO.'s federal registered trademark is likely to cause

20  consumer confusion and dilution of LS&CO.'s trademark in violation of California Business &

21  Professions Code §§ 14320, 14330, and 14335.

22      31.      Chimala infringed and diluted LS&CO.'s Tab trademark with knowledge and intent to

23  cause confusion, mistake or deception.

24      32.      Chimala's conduct is aggravated by that kind of willfulness, wantonness, malice and

25  conscious indifference to the rights and welfare of LS&CO. for which California law allows the

26  imposition of exemplary damages.

27      33.      Pursuant to California Business & Professions Code § 14340, LS&CO. is entitled to

28  injunctive relief and damages in the amount of three times Chimala's profits and three times all

1    damages suffered by LS&CO. by reason of Chimala's manufacture, use, display or sale of infringing

2    goods.

3                                      **FIFTH CLAIM**
                            **CALIFORNIA UNFAIR COMPETITION**
4                              **(Cal. Bus. & Prof. Code § 17200)**

5         34.    LS&CO. realleges and incorporates by reference each of the allegations contained in

6    paragraphs 1 through 33 of this Complaint.

7         35.    Chimala's infringement of LS&CO.'s Tab trademark constitutes "unlawful, unfair or

8    fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within

9    the meaning of California Business & Professions Code § 17200.

10        36.    As a consequence of Chimala's actions, LS&CO. is entitled to injunctive relief and an

11   order that Chimala disgorge all profits on the manufacture, use, display or sale of infringing goods.

12                                  **PRAYER FOR JUDGMENT**

13        WHEREFORE, LS&CO. prays that this Court grant it the following relief:

14        37.    Adjudge that LS&CO.'s Tab trademark has been infringed by Chimala in violation of

15   LS&CO.'s rights under common law, 15 U.S.C. § 1114, and/or California law;

16        38.    Adjudge that Chimala has competed unfairly with LS&CO. in violation of LS&CO.'s

17   rights under common law, 15 U.S.C. § 1125(a), and/or California law;

18        39.    Adjudge that Chimala's activities are likely to, or have, diluted LS&CO.'s famous Tab

19   trademark in violation of LS&CO.'s rights under common law, 15 U.S.C. § 1125(c), and/or California

20   law;

21        40.    Adjudge that Chimala and each of its agents, employees, attorneys, successors, assigns,

22   affiliates, and joint venturers and any person(s) in active concert or participation with it, and/or any

23   person(s) acting for, with, by, through or under it, be enjoined and restrained at first during the

24   pendency of this action and thereafter permanently from:

25             a.    Manufacturing, producing, sourcing, importing, selling, offering for sale,

26   distributing, advertising, or promoting any goods that display any words or symbols that so resemble

27   LS&CO.'s Tab trademark as to be likely to cause confusion, mistake or deception, on or in connection

28   with any product that is not authorized by or for LS&CO., including without limitation any product

1   that bears the Chimala tab or any other confusingly similar approximation of LS&CO.'s Tab

2   trademark;

3             b.        Using any word, term, name, symbol, device or combination thereof that causes

4   or is likely to cause confusion, mistake or deception as to the affiliation or association of Chimala or

5   its goods with LS&CO. or as to the origin of Chimala's goods, or any false designation of origin, false

6   or misleading description or representation of fact;

7             c.        Further infringing the rights of LS&CO. in and to any of its trademarks in its

8   LEVI'S® brand products or otherwise damaging LS&CO.'s goodwill or business reputation;

9             d.        Otherwise competing unfairly with LS&CO. in any manner; and

10             e.        Continuing to perform in any manner whatsoever any of the other acts

11   complained of in this Complaint;

12       41.    Adjudge that Chimala be required immediately to supply LS&CO.'s counsel with a

13   complete list of individuals and entities from whom or which it purchased, and to whom or which it

14   sold, offered for sale, distributed, advertised or promoted, infringing products as alleged in this

15   Complaint;

16       42.    Adjudge that Chimala be required immediately to deliver to LS&CO.'s counsel its

17   entire inventory of infringing products, including without limitation pants and any other clothing,

18   packaging, labeling, advertising and promotional material and all plates, patterns, molds, matrices and

19   other material for producing or printing such items, that is in Chimala's possession or subject to its

20   control and that infringes LS&CO.'s Tab trademark as alleged in this Complaint;

21       43.    Adjudge that Chimala, within thirty (30) days after service of the judgment demanded

22   herein, be required to file with this Court and serve upon LS&CO.'s counsel a written report under

23   oath setting forth in detail the manner in which it has complied with the judgment;

24       44.    Adjudge that LS&CO. recover from Chimala its damages and lost profits in an amount

25   to be proven at trial,

26       45.    Adjudge that Chimala be required to account for any profits that are attributable to its

27   illegal acts, and that LS&CO. be awarded the greater of (1) three times Chimala's profits or (2) three

28   times any damages sustained by LS&CO., under 15 U.S.C. § 1117, plus prejudgment interest;

46.    Order an accounting of and impose a constructive trust on all of Chimala's funds and assets that arise out of Chimala's infringing activities;

47.    Adjudge that Chimala be required to pay LS&CO. punitive damages for its oppression, fraud, malice and gross negligence, whether grounded on proof of actual damages incurred by LS&CO. or on proof of Chimala's unjust enrichment;

48.    Adjudge that LS&CO. be awarded its costs and disbursements incurred in connection with this action, including LS&CO.'s reasonable attorneys' fees and investigative expenses; and

49.    Adjudge that all such other relief be awarded to LS&CO. as this Court deems just and proper.

DATED: May 23, 2008                    Respectfully submitted,

By: _____
     Raquel Pacheco
     TOWNSEND AND TOWNSEND AND CREW LLP
     Two Embarcadero Center, Eighth Floor
     San Francisco, California 94111
     Telephone: (415) 576-0200
     Facsimile: (415) 576-0300

     Attorneys for Plaintiff
     LEVI STRAUSS & CO.

1

## DEMAND FOR JURY TRIAL

2        LS&CO. demands that this action be tried to a jury.

3

4    DATED:  May 23, 2008            Respectfully submitted,

5

6                     By:

7                     Raquel Pacheco
TOWNSEND AND TOWNSEND AND CREW LLP

8                     Two Embarcadero Center, Eighth Floor
San Francisco, California  94111

9                     Telephone: (415) 576-0200
Facsimile: (415) 576-0300

10                    Attorneys for Plaintiff
LEVI STRAUSS & CO.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                - 10 -             Levi Strauss & Co. v. Chimala Design, Inc.

1    TOWNSEND AND TOWNSEND AND CREW LLP
     GREGORY S. GILCHRIST (Bar # 111536)
2    GIA L. CINCONE (Bar # 141668)
     RAQUEL PACHECO (Bar # 245328)
3    Two Embarcadero Center, 8th Floor
     San Francisco, California 94111
4    Telephone: (415) 576-0200
     Facsimile: (415) 576-0300
5    Email: gsgilchrist@townsend.com, glcincone@townsend.com, rpacheco@townsend.com

6    Attorneys for Plaintiff
     LEVI STRAUSS & CO.
7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11
     LEVI STRAUSS & CO.,                      Case No.
12
                   Plaintiff,
13                                            CERTIFICATION OF INTERESTED
            v.                                ENTITIES OR PERSONS
14
     CHIMALA DESIGN, INC.,
15
                   Defendant.
16

17

18          Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named

19   parties, there is no such interest to report.

20

21
     DATED: May 23, 2008              Respectfully submitted,
22

23                                    By: _____
                                         Raquel Pacheco
24                                       TOWNSEND AND TOWNSEND AND CREW LLP
                                         Two Embarcadero Center, Eighth Floor
25                                       San Francisco, California 94111
                                         Telephone: (415) 576-0200
26                                       Facsimile: (415) 576-0300

27                                       Attorneys for Plaintiff
                                         LEVI STRAUSS & CO.
28   61345028 v1

     COMPLAINT                          - 11 -          Levi Strauss & Co. v. Chimala Design, Inc.
                                                       Case No. _____

Exhibit A



**Exhibit A-1**



**Exhibit A-2**



**Exhibit A-3**



**Exhibit A-4**



**Exhibit A-5**

Exhibit B



438298

# THE UNITED STATES OF AMERICA

TO ALL TO WHOM THESE PRESENTS SHALL COME:

### UNITED STATES DEPARTMENT OF COMMERCE

#### United States Patent and Trademark Office

July 17, 2001

THE ATTACHED U.S. TRADEMARK REGISTRATION *356,701* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.


REGISTERED FOR A TERM OF *20* YEARS FROM   *May 10, 1938*
*3rd* RENEWAL FOR A TERM OF *10* YEARS FROM   *May 10, 1998*
SECTION 8 & 15
REPUBLISHED SECTION 12C
SAID RECORDS SHOW TITLE TO BE IN:
   *LEVI STRAUSS & COMPANY*



By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

T.  WALLACE
**Certifying Officer**

Registered May 10, 1938

# Trade-Mark 356,701

Republished, under the Act of 1946, April 27, 1948, by
Levi Strauss & Company, San Francisco, Calif.

Affidavit under Section 8 accepted.
Affidavit under Section 15 received, Aug. 31, 1953.

# UNITED STATES PATENT OFFICE

### Levi Strauss & Company, San Francisco, Calif.

### Act of February 20, 1905

### Application June 30, 1937, Serial No. 394,734



## STATEMENT

*To the Commissioner of Patents:*

Levi Strauss & Company, a corporation duly organized under the laws of the State of California and located at city and county of San Francisco, State of California, and doing business at 98 Battery Street, San Francisco, California, has adopted and used the trade-mark shown in the accompanying drawing, for MEN'S, WOMEN'S, AND CHILDREN'S OVERALLS OF THE PATCH-POCKET TYPE, in Class 39, Clothing, and presents herewith five specimens showing the trade-mark as actually used by applicant upon the goods, and requests that the same be registered in the United States Patent Office in accordance with the act of February 20, 1905.

The trade-mark consists of a small marker or tab, of textile material or the like, colored red, appearing on and affixed permanently to the exterior of the garment in a position that the red tab is visible, while the garment is being worn.

The trade-mark has been continuously used in the business of the applicant since on or about September 1, 1936.

In practice the trade-mark is applied to the goods by stitching an end of a red marker or tab into one of the regular structural seams of the garment so that the stitching of said seam secures one end of the red tab to the garment with a portion thereof extending visibly from the edge of the seam.

No claim is made herein for the representation of a portion of the garment or seam shown in the drawing, these being shown merely to illustrate one manner in which the red marker or red tab may be applied to a garment. The drawing is lined for the color red.

The undersigned hereby appoints Chas. E. Townsend, whose address is 908–917 Crocker Building, San Francisco, California, its attorney with full power of substitution and revocation to prosecute this application, to make alterations and amendments therein, to receive the certificate of registration, and to transact all business in the Patent Office connected therewith.

LEVI STRAUSS & COMPANY,
By D. A. BERONIO,
Secretary.

Registered May 10, 1938

**Amendment**

Levi Strauss & Company                    Registration No. 356,701

Application to amend having been made by Levi Strauss & Co., owner of the registration above identified, said registration is hereby amended as follows:

In the statement, column 1, lines 8 through 10, the description of goods is deleted and *Pants of the patch-pocket type worn by men, women and children* is inserted.

Such amendment has been entered upon the records of the Patent and Trademark Office and the said original registration should be read as so amended.

Signed and sealed this 15th day of August 1978.

[SEAL]

Attest:
JANIE COOKSEY,
*Attesting Officer.*

DONALD W. BANNER,
*Commissioner.*

Int. Cl.: 25

Prior U.S. Cl.: 39

**United States Patent and Trademark Office**

10 Year Renewal

Reg. No. 356,701

Registered May 10, 1938

Renewal Term Begins May 10, 1998

## TRADEMARK
### PRINCIPAL REGISTER



LEVI STRAUSS & CO. (DELAWARE CORPORATION)
1155 BATTERY STREET
SAN FRANCISCO, CA 94111, BY CHANGE OF NAME, MERGER AND CHANGE OF NAME FROM LEVI STRAUSS & COMPANY (CALIFORNIA CORPORATION) SAN FRANCISCO, CA

NO CLAIM IS MADE HEREIN FOR THE REPRESENTATION OF A PORTION OF THE GARMENT OR SEAM SHOWN IN THE DRAWING, THESE BEING SHOWN MERELY TO ILLUS-TATE ONE MANNER IN WHICH THE RED MARKER OR RED TAB MAY BE APPLIED TO A GARMENT.

THE DRAWING IS LINED FOR THE COLOR RED.

FOR: [MEN'S, WOMEN'S, AND CHIL-DREN'S OVERALLS OF THE PATCH-POCKET TYPE] * PANTS OF THE PATCH-POCKET TYPE WORN BY MEN, WOMEN AND CHILDREN *, IN CLASS 39 (INT. CL. 25).

FIRST USE 9-1-1936; IN COMMERCE 9-1-1936.

SER. NO. 71-394,734, FILED 6-30-1937.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Nov. 24, 1998.*

COMMISSIONER OF PATENTS AND TRADEMARKS



436274

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS; SHALL COME;
### UNITED STATES DEPARTMENT OF COMMERCE

**United States Patent and Trademark Office**

**July 16, 2001**

THE ATTACHED U.S. TRADEMARK REGISTRATION *516,561* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM   *October 18, 1949*
*2nd* RENEWAL FOR A TERM OF *20* YEARS FROM   *October 18, 1989*
SECTION 8 & 15
AMENDMENT/CORRECTION/NEW CERT(SEC7) ISSUED
SAID RECORDS SHOW TITLE TO BE IN:
  *STRAUSS, LEVI & CO.*
  *A DELAWARE CORPORATION*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

*L. Edelen*

**L. EDELEN**
**Certifying Officer**

## Amendment

Registered October 18, 1949                    Registration No. 516,561

Levi Strauss & Company

Application to amend having been made by Levi Strauss & Co., owner of the registration above identified, said registration is hereby amended as follows:

In the statement, column 1, line 7, "overalls" is deleted and *jeans* is inserted.

Such amendment has been entered upon the records of the Patent Office and the said original registration should be read as so amended.

Signed and sealed this 16th day of September 1969.

[SEAL]

EDWIN L. REYNOLDS,
*First Assistant Commissioner of Patents.*

Int. Cl.: 25

Prior U.S. Cl.: 39

**United States Patent and Trademark Office**

Renewal

Reg. No. 516,561
Registered Oct. 18, 1949
OG Date Oct. 24, 1989

# TRADEMARK
## PRINCIPAL REGISTER



LEVI STRAUSS & CO. (DELAWARE CORPORATION)
1155 BATTERY STREET
SAN FRANCISCO, CA 94111, BY MERGER WITH AND CHANGE OF NAME FROM LEVI STRAUSS & COMPANY (CALIFORNIA CORPORATION) SAN FRANCISCO, CA AND LEVI STRAUSS & COMPANY (CALIFORNIA CORPORATION) SAN FRANCISCO, CA

OWNER OF U.S. REG. NOS. 250,265 AND 413,386.

FOR: MEN'S, WOMEN'S AND CHILDREN'S JEANS AND JACKETS, IN CLASS 39 (INT. CL. 25).

FIRST USE 9–1–1936; IN COMMERCE 7–1–1937.

SER. NO. 556,108, FILED 5–3–1948.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Oct. 24, 1989.*

COMMISSIONER OF PATENTS AND TRADEMARKS

Registered Oct. 18, 1949

**Registration No. 516,561**

## PRINCIPAL REGISTER
## Trade-Mark

# UNITED STATES PATENT OFFICE

**Levi Strauss & Company, San Francisco, Calif.**

Act of 1946

Application May 3, 1948, Serial No. 556,108



**(Statement)**

Levi Strauss & Company, a corporation duly organized under the laws of the State of California, located at San Francisco, California, and doing business at 98 Battery Street, San Francisco, California, has adopted and is using the trade-mark shown in the accompanying drawing, for MEN'S, WOMEN'S, AND CHILDREN'S OVERALLS AND JACKETS, in Class 39, Clothing, and presents herewith five specimens showing the trade-mark as actually used in connection with such goods, the trade-mark being applied to the goods by affixing permanently thereto a tab of textile material on which the trade-mark is shown, and requests that the same be registered in the United States Patent Office on the Principal Register in accordance with the act of July 5, 1946.

The trade-mark was first used on jackets July 1, 1937, and on overalls September 1, 1936, and first used in commerce among the several States and between the United States and foreign nations which may lawfully be regulated by Congress on jackets July 1, 1937, and on overalls September 1, 1936.

Applicant is the owner of the trade-mark, Reg-istration No. 413,386, dated April 24, 1945, and Registration No. 250,265, dated December 4, 1928.

**(Declaration)**

D. A. Beronio, being duly sworn, deposes and says that he is the secretary of Levi Strauss & Company, the applicant named in the foregoing statement; that he believes that said corporation is the owner of the trade-mark which is in use in commerce among the several States and between the United States and foreign nations, and that no other person, firm, corporation or association, to the best of his knowledge and belief, has the right to use such trade-mark in commerce which may lawfully be regulated by Congress, either in the identical form thereof or in such near resemblance thereto as might be calculated to deceive; that the drawing and description truly represent the trade-mark sought to be registered; that the specimens show the trade-mark as actually used in connection with the goods; and that the facts set forth in the statement are true.

LEVI STRAUSS & COMPANY,
By D. A. BERONIO,
Secretary.



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

### UNITED STATES DEPARTMENT OF COMMERCE

#### United States Patent and Trademark Office

July 17, 2001

THE ATTACHED U.S. TRADEMARK REGISTRATION *577,490* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM  *July 21, 1953*
*2nd* RENEWAL FOR A TERM OF *20* YEARS FROM  *July 21, 1993*
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
   *LEVI STRUASS & COMPANY*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

*T. Wallace*
T. WALLACE
Certifying Officer

Registered July 21, 1953        Registration No. 577,490

## PRINCIPAL REGISTER
### Trade-Mark

# UNITED STATES PATENT OFFICE

Levi Strauss & Company, San Francisco, Calif.

Act of 1946

Application April 30, 1949, Serial No. 578,119



## STATEMENT

Levi Strauss & Company, a corporation duly organized under the laws of the State of California, located at San Francisco, California, and doing business at 98 Battery Street, San Francisco, California, has adopted and is using the trade-mark shown in the accompanying drawing, for OVERALLS, in Class 39, Clothing, and presents herewith five facsimiles showing the trademark as actually used in connection with such goods, the trade-mark being applied to the goods in the manner hereinafter set forth, and requests that the same be registered in the United States Patent Office on the Principal Register in accordance with the act of July 5, 1946.

The trade-mark was first used on September 1, 1936, and first used in commerce among the several States which may lawfully be regulated by Congress on September 1, 1936.

The trade-mark consists of a small marker or tab, of textile material or the like, colored red, appearing on and affixed permanently to the exterior of the garment in a position that the red tab is visible, while the garment is being worn.

In practice, the trade-mark is applied to the goods by stitching an end of a red marker or tab into one of the regular structural seams of the hip pockets of the garment so that the stitching of said seam secures one end of the red tab to the garment with a portion thereof extending visibly from the edge of the seam.

The drawing is lined for the color red.

Applicant is the owner of Trade-Mark Registration No. 356,701 issued May 10, 1938, and No. 404,248 issued November 16, 1943.

LEVI STRAUSS & COMPANY,
By D. A. BERONIO,
Secretary.

**Amendment**

Registered July 21, 1953                    Registration No. 577,490

Levi Strauss & Company

Application to amend having been made by Levi Strauss & Co., owner of the registration above identified, said registration is hereby amended as follows:

In the statement, column 1, line 7, "overalls" is deleted and *jeans* is inserted.

Such amendment has been entered upon the records of the Patent Office and the said original registration should be read as so amended.

Signed and sealed this 29th day of May 1973.

[SEAL]

Attest:
K. E. Patrick,
*Attesting Officer.*

Robert Gottschalk,
*Commissioner of Patents.*

# UNITED STATES
# PATENT AND
# TRADEMARK OFFICE

Commissioner for Trademarks
2900 Crystal Drive
Arlington, VA  22202-3514
www.uspto.gov

REGISTRATION NO: 0577490      SERIAL NO: 71/578119      MAILING DATE: 03/31/2004
REGISTRATION DATE: 07/21/1953
MARK: MISCELLANEOUS DESIGN
REGISTRATION OWNER: LEVI STRAUSS & COMPANY

CORRESPONDENCE ADDRESS:
JENNIFER GUNN
LEVI STRAUSS & CO.
1155 BATTERY STREET
SAN FRANCISCO, CA   94111

# NOTICE OF ACCEPTANCE
### 15 U.S.C. Sec. 1058(a)(3)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-
IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 8 OF THE
TRADEMARK ACT, 15 U.S.C. Sec. 1058.

ACCORDINGLY, THE SECTION 8 AFFIDAVIT IS ACCEPTED.

************************************************

# NOTICE OF RENEWAL
### 15 U.S.C. Sec. 1059(a)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-
IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 9 OF THE
TRADEMARK ACT, 15 U.S.C. Sec. 1059.

ACCORDINGLY, THE REGISTRATION IS RENEWED.

************************************************

THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):
039.

GRANATA, SHARON D
PARALEGAL SPECIALIST
POST-REGISTRATION DIVISION
(703)308-9500

PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION
CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION

DUPLICATE

TMLT6A (3/2003)



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:
### UNITED STATES DEPARTMENT OF COMMERCE

### United States Patent and Trademark Office

**July 17, 2001**

THE ATTACHED U.S. TRADEMARK REGISTRATION *774,625* IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM *August 04, 1964*
*1st* RENEWAL FOR A TERM OF *20* YEARS FROM *August 04, 1984*
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
    *STRAUSS, LEVI OF OF DELAWARE, INC.*
    *A DELAWARE CORP.*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

**T. WALLACE**
**Certifying Officer**

# United States Patent Office

774,625
**Registered Aug. 4, 1964**

## PRINCIPAL REGISTER
## Trademark

Ser. No. 171,283, filed June 18, 1963



Levi Strauss & Co. (California corporation)
98 Battery St.
San Francisco 6, Calif.

For: GARMENTS, PARTICULARLY TROUSERS, in CLASS 39.

First use May 22, 1963; in commerce May 22, 1963.

The mark consists of a small marker or black tab affixed to the exterior of the garment at the hip pocket.

Owner of Reg. Nos. 356,701, 577,490, and 720,376.



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS; SHALL COME:

### UNITED STATES DEPARTMENT OF COMMERCE

### United States Patent and Trademark Office

July 16, 2001

THE ATTACHED U.S. TRADEMARK REGISTRATION 775,412 IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM  *August 18, 1964*
*1st* RENEWAL FOR A TERM OF *20* YEARS FROM  *August 18, 1984*
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
    *STRAUSS LEVI & CO.*
    *A DELAWARE CORPORATION*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

*L. Edelen*

**L. EDELEN**
**Certifying Officer**

# United States Patent Office

**775,412**
**Registered Aug. 18, 1964**

## PRINCIPAL REGISTER
### Trademark

Ser. No. 171,282, filed June 18, 1963



Levi Strauss & Co. (California corporation)
98 Battery St.
San Francisco 6, Calif.

For: GARMENTS, PARTICULARLY TROUSERS, in CLASS 39.

First use Oct. 9, 1957; in commerce Oct. 9, 1957.

The mark consists of a small marker or white tab with the name "Levi's" superposed thereon, which is affixed to the exterior of the garment at the hip pocket.

Owner of Reg. Nos. 250,265, 720,376, and others.



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

### UNITED STATES DEPARTMENT OF COMMERCE

#### United States Patent and Trademark Office

July 17, 2001

THE ATTACHED U.S. TRADEMARK REGISTRATION 1,157,769 IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM   *June 16, 1981*
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
   *LEVI STRUASS & CO.*
   *A DELAWARE CORP.*



By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

T. WALLACE
Certifying Officer

Int. Cl.: 25

Prior U.S. Cl.: 39

## United States Patent and Trademark Office

Reg. No. 1,157,769
Registered Jun. 16, 1981

## TRADEMARK
### Principal Register



Levi Strauss & Co. (Delaware corporation)
98 Battery St.
San Francisco, Calif. 94106, by merger and change of
    name from
Levi Strauss & Co. (California corporation)
San Francisco, Calif.

For: TROUSERS, in CLASS 25 (U.S. Cl. 39).
First use Sep. 1, 1936; in commerce Sep. 1, 1936.
Owner of U.S. Reg. Nos. 356,701, 775,412 and
others.
  Applicant disclaims the representation of the goods
apart from the mark as shown.
  The mark consists of a small marker or tab affixed
to the exterior of the garment at the hip pocket.

  Ser. No. 263,725, filed Feb. 1, 1967.

J. C. DEMOS, Deputy Director



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
OFFICE OF ASSISTANT COMMISSIONER FOR TRADEMARKS
2900 Crystal Drive
Arlington, Virginia  22202—3513

REGISTRATION NO: 1157769      SERIAL NO: 72263725        MAILING DATE: 09/01/2001
REGISTRATION DATE: 06/16/1981
MARK: MISCELLANEOUS DESIGN
REGISTRATION OWNER: LEVI STRAUSS & CO
CORRESPONDENCE ADDRESS:

KAREN S FRANK
LEGAL STRATEGIES GROUP
5905 CHRISTIE AVENUE
EMERYVILLE CA  94608

# NOTICE OF ACCEPTANCE
### 15 U.S.C. Sec. 1058(a)(3)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 8 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1058.

ACCORDINGLY, THE SECTION 8 AFFIDAVIT IS ACCEPTED.

*******************************************************

# NOTICE OF RENEWAL
### 15 U.S.C. Sec. 1059(a)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 9 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1058.

ACCORDINGLY, THE REGISTRATION IS RENEWED.

*******************************************************

THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):
039.

LEE, HAROLD D
PARALEGAL SPECIALIST
POST—REGISTRATION DIVISION
(703)308-9500

   PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION
   CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION

TMLT6 (9/99)



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

April 06, 2006

THE ATTACHED U.S. TRADEMARK REGISTRATION 2,791,156 IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF 10 YEARS FROM   December 09, 2003

SAID RECORDS SHOW TITLE TO BE IN:
  LEVI STRAUSS & CO.
  A DELAWARE CORPORATION

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

L. Edelen

L. EDELEN
Certifying Officer

**Int. Cl.: 25**

**Prior U.S. Cls.: 22 and 39**

**Reg. No. 2,791,156**
Registered Dec. 9, 2003

# United States Patent and Trademark Office

## TRADEMARK
### PRINCIPAL REGISTER



LEVI STRAUSS & CO. (DELAWARE CORPORA-
TION)
1155 BATTERY STREET
SAN FRANCISCO, CA 94111

FOR: PANTS, JEANS, SHORTS, SHIRTS, T-
SHIRTS, BLOUSES, SKIRTS AND JACKETS, IN
CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 9-1-1936; IN COMMERCE 9-1-1936.

OWNER OF U.S. REG. NOS. 1,041,846, 1,135,196,
AND 1,139,254.

THE LINING AND SHADING SHOWN IN THE
DRAWING ARE FEATURES OF THE MARK AND
NOT INTENDED TO INDICATE COLOR.

THE MARK CONSISTS OF THE COMBINATION
OF A DOUBLE ARCUATE AND TAB DESIGN
SHOWN ON THE SHAPE OF A POCKET, AS INDI-
CATED BY A SOLID LINE.

SER. NO. 78-144,339, FILED 7-16-2002.

ELLEN B. AWRICH, EXAMINING ATTORNEY

Exhibit C





Exhibit C